UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana

Jonathan P. Robicheaux
    *Plaintiff/Petitioner*

v.　　　　　　　　　　　　　　　　　Civil Action No. 13-CV-05090

James D. Caldwell in his official capacity as the Louisiana Attorney General
    *Defendant/Respondent*

District Judge:　　Martin Leach-Cross Feldman

Magistrate Judge:　Alma L. Chasez

MEMORANDUM IN OPPOSITION TO
THE ATTORNEY GENERAL'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION TO TRANSFER FOR IMPROPER VENUE

MAY IT PLEASE THE COURT:

This matter comes on for cause on James D. Caldwell, the Louisiana Attorney General's Motion to Dismiss your Respondent's Complaint and Amended Complaint for alleged improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer for improper venue pursuant to 28 USC §§ 1391(b)(1) and (2), 1406(a) and/or 1404(a), including *forum non conveniens* for the litigants and witnesses. In this regard, the Attorney General specifically states that he has not made a general appearance.

As the Court is well-aware, this is a normal first volley by the State to dismiss or have the matter transferred to the Middle District of Louisiana. Robicheaux, your Respondent, has no objection to Your Honor handling this matter and must respectfully submit that the officials of the State of Louisiana should not be able to disturb the lottery process of assigning presiding judges when it is convenient for their purposes.

Regardless of the foregoing, it is conceded and agreed that the question of venue is governed by the general venue statute at 28 USC § 1391(b). In this regard, it is not alleged that the Attorney General resides in the Eastern District. Rather, paragraph (2) is the basis on which your Respondent relies "a judicial district in which a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." The injury for which your Respondent seeks recovery is suffered in the Eastern District of Louisiana, given that is where he and his husband reside and this is where they are and will be denied recognition and the benefits of a married couple. For example, when your Respondent recently suffered acute gall bladder complications, it is here where he was refused medical care with his husband's physician, who does not provide care to Medicaid recipients, because your Respondent is on Medicaid as a result of not being able to secure spousal benefits on his husband's health insurance.

The Attorney General's sole reliance upon residency and "enforcement" bears a striking resemblance to the Louisiana Insurance Commissioner's argument in *Globe Glass & Mirror Co. v. Brown*, 888 F.Supp 768 (E.D.La. 1995) in which the Insurance Commissioner contended that the Eastern District of Louisiana was an improper venue for the suit for declaratory and injunctive relief because he maintained his official resident in the Middle District of Louisiana. The Court stated the following:

> Brown contends that the Eastern District of Louisiana is an improper venue for this suit for declaratory and injunctive relief because he maintains his official residence in the Middle District of Louisiana, relying on 28 U.S.C. § 1391(b) and *Butterworth v. Hill*, 114 U.S. 128, 5 S.Ct. 796, 29 L.Ed. 119 (1885).
>
> However, defendant relies on the pre-1990 version of § 1391(b), which provided that venue was proper only in the district where all the defendants

> resided or "in the judicial district … where the claim arose." 28 U.S.C. § 1391(b) (before the 1990 amendments). See *Leroy v. Great Western United Corp.*, 443 U.S. 173, 184, 99 S.Ct. 2710, 2717, 61 L.Ed.2d 464 (1979). In 1990, Congress amended the venue statute, replacing the language "the judicial district … in which the claim arose" with "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). "Under the amended statute it is now absolutely clear that there can be more than one district in which a substantial part of the events giving rise to the claim occurred." Wright & Miller, Federal Practice and Procedure: Civil 2d § 3806 (1994 supp.). Therefore, under the current version of the venue statute, an action may be brought in the district "where any defendant resides, if all defendants reside in the same state," 28 U.S.C. § 1391(b)(1), or in any district "in which a substantial part of the events … giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). According to the affidavit of Mary Jo Prigge, a substantial part of USA-GLAS's existing Louisiana business occurs in the Eastern District.2 Therefore, this suit is properly brought in this district. See *Farmland Dairies v. McGuire*, 771 F.Supp. 80 (S.D.N.Y.1991) (venue proper in district where milk distributions primarily occur in action seeking declaratory relief as to constitutionality of order issued by state commissioner for application of compensatory payments).
> Glass & Mirror Co. v. Brown, 888 F.Supp 768, 770 (E.D.La. 1995).

In the case at hand, the argument, it is respectfully suggested, is even stronger for allowing your Respondent to maintain his suit in the Eastern District of Louisiana, where he and his husband rely.  Specifically, this is a complaint, in essence, against one provision in the Louisiana Constitution and another in the Louisiana Civil Code – affecting all residents in Louisiana and specifically directing, as it applies to the Constitutional provision, all officials and courts of the State of Louisiana to give no recognition to marriages of same-sex couples who were legally married in another jurisdiction.  In this regard, the Attorney General's enforcement is simply as the defender of the Louisiana Constitution and the Louisiana Civil Code – which is his duty.  And such enforcement extends, for example, to the Eastern District of Louisiana, when the officials in the Louisiana National Guard are barred from enforcing a United States directive to provide military benefits to all service men and women who carry Department of Defense

Identification as they relate to same-sex couples.  The Governor and the Attorney General ensured that the orders of the United States Department of Defense were refused by and no assistance was given by Officers, Enlisted personnel and civilians in the Louisiana National Guard.  Clearly, the enforcement by the Attorney General of these provisions extends beyond the Middle District of Louisiana.

Interestingly, the Attorney General cites to *Florida Nursing Home Association v. Page*, 616 F.2d 1355, 1360 (5th Cir. 1980) [a pre-1990 case] for the frequently stated "rule of law": "The general rule in suits against public officials is that a defendant's residence for venue is the district where he performs his official duties."  However, the language of the *Florida Nursing Home Association* case following this quote and the holding of the Court clearly assists your Respondent's, rather than your Movant's, position.  The Court stated as follows:

> The general rule in suits against public officials is that a defendant's residence for venue purpose is the district where he performs his official duties. 1 Moore's Federal Practice P 0.142(5.-1-2), at 1396 (2d ed. 1979). See, e. g., *Butterworth v. Hill*, 114 U.S. 128, 132, 5 S.Ct. 796, 798, 29 L.Ed. 119 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972), cert. denied sub nom. *Heitzler v. O'Neill*, 411 U.S. 964, 93 S.Ct. 2142, 36 L.Ed.2d 685 (1973). A number of the cases applying this principle have involved federal officials or agencies and have found only one official residence. See, e. g., *Ernst v. Secretary of the Interior*, 244 F.2d 344, 17 Alaska 133 (9th Cir. 1957); *Trueman Fertilizer Co. v. Larson*, 196 F.2d 910 (5th Cir. 1952); *Hartke v. Federal Aviation Administration*, 369 F.Supp. 741 (E.D.N.Y.1973).
>
> It has been held, however, that a state agency or official does not necessarily have a single residence. See *Buffalo Teachers Federation, Inc. v. Helsby*, 426 F.Supp. 828 (S.D.N.Y.1976). In *Buffalo Teachers Federation* the court noted that in suits against federal agencies, the federal government would be faced with serious difficulties if it were forced to answer complaints in a multitude of forums and forum shopping would be greatly encouraged if suits could be brought in any district where a subordinate departmental officer resides. Such problems, however, "are significantly less serious in the context of a suit against a state governmental entity or official." *Id*. at 829. In the state context, there is little

threat of inconvenience or even forum shopping, at least sufficient "to warrant a blanket rule that there may never be more than a single residence." *Id*. In *Buffalo Teachers Federation* the court determined that although the state agency involved had its central headquarters in the Northern District of New York, venue was not lacking in the Southern District where suit was brought. The agency involved maintained a field office in the Southern District and a significant portion of its business was conducted from that office.

Here, Florida DHRS, though headquartered in the Northern District of Florida, maintains a large office in the Southern District and much of its business is transacted from that office. Furthermore, the venue statute makes it clear that the residence of defendants does not provide the [Page 1361] only basis for venue. Venue is also proper in the district where the claim arose. Though the legislative history of section 1391(b) fails to suggest what the draftsmen thought about the question of where a claim arises, 1 Moore's Federal Practice P 0.142(5.-2), at 1423 (2d ed. 1979), when the statute was amended to extend venue to a district "in which the claim arose," the purpose was to "facilitate the disposition of . . . claims by providing . . . a more convenient forum to the litigants and witnesses involved." H.R.Rep.No.1893, 89th Cong., 2d Sess. 2 (1966). Thus, "where the claim arose" should "be ascertained by advertence to events having operative significance in the case, and a commonsense appraisal of the implications of those events for accessibility to witnesses and records." *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C.Cir.1978). This is not to suggest that only a single district can satisfy the statutory standard with respect to any given claim. Often, the factors deemed determinative might well indicate the suitability of several forums. See, e. g., *Commercial Lighting Products, Inc. v. United States District Court*, 537 F.2d 1078, 1080 (9th Cir. 1976); *Tefal, S.A. v. Products International Co.*, 529 F.2d 495, 496-97 (3d Cir. 1976); *Gardner Engineering Corp. v. Page Engineering Co.*, 484 F.2d 27, 32-33 (8th Cir. 1973). In any case, the court should not oppose the plaintiffs' choice of venue if the activities that transpired in the district where suit is brought were not insubstantial and the forum is a convenient one balancing the equities and fairness to each party. *Lamont v. Haig*, supra, 590 F.2d at 1134 n. 62; *Weil v. New York State Department of Transportation*, 400 F.Supp. 1364, 1365 (S.D.N.Y.1975).

Applying this standard, then, it is clear that venue properly lies in this matter in the Southern District of Florida. Not only does appellant maintain a large office there but the payments which Golden Isles is seeking were allegedly due it within the Southern District where Golden Isles and the other plaintiffs-appellees are located. This is sufficient in the circumstances of this case to justify the placing of venue in the Southern District of Florida.
<u>Florida Nursing Home Association v. Page</u>, 616 F.2d 1355, 1360 – 61 (5th Cir. 1980).

As it applies to the argument of *Forum Non Conveniens*, the procedural requirements of this lawsuit seem to be more suited for the convenience of the potential witnesses, if any, in the Eastern District of Louisiana. While, at first blush, it appears that there is no substantial dispute to the facts alleged in the complaint and thus no need for a credibility determination by a fact finder, if the Court found a need and cause for the parties to present witnesses to testify, then the issues would likely be damages, harm and "case and controversy". In so doing, your Respondent would be compelled to show damages and harm as a result of his marriage not be recognized by the officials and courts of Louisiana and as a result of the Constitutional provisions and the Civil Code article at issue, for example his inability to secure coverage by his husband's health insurance policy. Such damage and harm occurs in the city where he resides and in the immediate vicinity – all of which are located in the Eastern District of Louisiana. Your Respondent can think of no necessary witnesses that are located in the Middle District of Louisiana for either the Respondent or the Mover. Accordingly, it is respectfully submitted that the convenient forum is the Eastern District of Louisiana.

**CONCLUSION**

Based upon the foregoing, it is respectfully suggested that the Attorney General's Motion to Dismiss under Rule 12(b)(3) for improper venue is without merit. It is further respectfully suggested that any transfer would not serve any interest of justice or this Honorable Court.

WHEREFORE, petitioner prays that after due proceedings are had that the Attorney General's Motion be dismissed with prejudice.

                                                Respectfully submitted:

                                                _____
                                                SCOTT J. SPIVEY (#25257)
                                                815 Dauphine St, Ste D
                                                New Orleans, LA  70116
                                                (504) 684-4904 (office phone)
                                                (888) 502-3935 (office fax)
                                                Scott@SpiveyESQ.com
                                                *Attorney for Plaintiff, Jon Robicheaux*

## CERTIFICATE OF SERVICE

      I hereby certify that I have served upon Defense counsel of record a copy of the foregoing Memorandum by electronic mail on Angelique Duhon Freel and Jessica MP Thornhill at freela@ag.state.la.us and thornhillj@ag.state.la.us and that on October 2, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/EMF system, which will send a notice of filing to all counsel of record.

                                                _____
                                                Scott J. Spivey, Esq.