UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JONATHAN P. ROBICHEAUX                    CIVIL ACTION

v.                                        NO. 13-5090

JAMES D. CALDWELL,                        SECTION "F"
LOUISIANA ATTORNEY GENERAL


ORDER

    This civil rights lawsuit challenges the constitutionality of Louisiana's ban against same-sex marriage and its refusal to recognize same-sex marriages contracted in other states.  Jonathan Robicheaux married his same-sex partner in Iowa, but lives in Orleans Parish, Louisiana; he alleges that Louisiana's defense of marriage amendment to the state constitution (La. Const. art. 12, § 15) and article 3520 of the Louisiana Civil Code (which decrees that same-sex marriage violates Louisiana's strong public policy and precludes recognition of any such marriage contract from another state) violate his federal constitutional rights.[1]

---

[1]In particular, the plaintiff alleges that the state's ban on same-sex marriage and refusal to recognize the marriage contract he entered into in Iowa:
(1) deprives him of his fundamental right to marry in violation of the U.S. Constitution's Fourteenth Amendment Due Process Clause;
(2) deprives him of equal protection of the law in violation of the U.S. Constitution's Fourteenth Amendment because it constitutes discrimination on the basis of sexual orientation and/or sex; and
(3) violates the Full Faith and Credit Clause of the U.S.

Before the Court is the Attorney General's motion to dismiss or, in the alternative, motion to transfer for improper venue, which is noticed for submission on October 16, 2013.  The briefing on the issue of whether venue is proper in the Eastern District of Louisiana is inadequate.[2]  Neither side addresses the fundamental standards applicable to venue challenges such as which party bears the burden of establishing proper venue;[3] neither side acknowledges

_____

Constitution.

    [2]The Attorney General invokes the general venue statute, 28 U.S.C. § 1391, but appears to rely on the pre-amended version of the statute, which, although similar, no longer applies.  Section 1391 was modified by the Federal Courts Jurisdiction and Venue Clarification Act of 2011. Pub. L. No. 112-63, 125 Stat. 758; among other amendments, a residency provision is found at § 1391(c). Curiously, the Attorney General appears to invoke state law as applicable to the venue determination, which seems inappropriate in civil rights cases.  See Arnold v. Maynard, 942 F.2d 761, 762-63 (10th Cir. 1991); see also Wright, A., Miller, & E. Cooper, 14D Fed. Prac. & Proc. § 3806.1 (3d ed. 2013)(noting that "state law has no application in determining the applicability of the federal venue statute").  The plaintiff, for his part, suggests that he does not assert that venue is proper because the Attorney General resides in the Eastern District; rather, he avers that he invokes the substantiality test contained in § 1391(b)(2). Curiously, however, his amended complaint contains but one allegation concerning venue ("[v]enue is proper in the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1391(b) because the Defendant performs his official duties in this district"), and he otherwise fails to submit any evidence or supplemental allegations to advance the venue determination.

    [3]Indeed, there is an inconsistency in the case literature that might be advanced by adequate briefing.  See Ross v. Digioia, No. 11-1827, 2012 WL 72703 (E.D. La. Jan. 10, 2012)(Vance, J.)(noting that "the jurisprudence of federal district courts in the Fifth Circuit on the question of which party bears the burden of proof on a Rule 12(b)(3) motion to dismiss for improper venue is inconsistent", but concluding that the burden is on the plaintiff

that the allegations in the complaint are taken as true, that all conflicts will be resolved in the plaintiff's favor,[4] and that facts outside the complaint will be considered when venue is challenged.[5]  See Ambraco Inc. v. Bossclip B.V., 570 F.3d 233, 238 (5th Cir. 2009), cert. denied, 130 S.Ct. 1054 (2010)).  Most notably, neither side adequately addresses the substantive law governing proper venue in the context of suits against state officials and challenges to state-wide policies.[6]

---

to establish that the district he chose is a proper venue)

[4]The Gray Casualty and Surety Co. v. Lebas, No. 12-2709, 2013 WL 74351 (E.D. La. Jan. 7, 2013)(Engelhardt, J.).  These standards are particularly significant where, as here, neither side has submitted an adequate venue analysis.

[5]Of course, neither side has submitted materials to consider beyond the complaint.

[6]With one exception:  the plaintiff invokes Globe Glass & Mirror Co. v. Brown, 888 F. Supp. 768 (E.D. La. 1995)(Jones, J.), in which the Court determined that venue was proper in the Eastern District, where a substantial part of the company's Louisiana business occurred, notwithstanding the fact that the Louisiana Insurance Commissioner's officially resided in another Louisiana district.
    However, neither side addresses other cases that would advance the present venue debate, including (among others):  The Gray Casualty and Surety Co. v. Lebas, No. 12-2709, 2013 WL 74351 (E.D. La. Jan. 7, 2013)(Engelhardt, J.)("the focus of the 'substantial part of events' inquiry is on the actions or omissions of the defendant, not on where the plaintiff later feels the ... effects of the injury"); Ross v. Digioia, No. 11-1827, 2012 WL 72703 (E.D. La. Jan. 10, 2012)(Vance, J.); Advocacy Center for the Elderly and Disabled v. Louisiana Dept. of Health and Hosp., 731 F. Supp. 2d 583 (E.D. La. 2010)(citing McNiece v. Jindal, No. 97-2421, 1997 WL 767665 (E.D. La. Dec. 9, 1997)).  Counsel should address case literature analyzing the propriety of venue in districts where policies are made and where those policies are implemented and the effects are felt.  See, e.g., Chester v. Beard, No. 07-4742, 2008

Accordingly, IT IS ORDERED: that, no later than October 30, 2013, counsel for both sides must submit simultaneous supplemental papers, supported by citation to legal authority (and, if relevant and necessary, evidence), addressing whether venue is proper in the Eastern District of Louisiana under either 28 U.S.C. § 1391(b)(1) or (b)(2).

IT IS FURTHER ORDERED: that the submission date on the defendant's motion is continued to November 13, 2013, on the papers, unless otherwise ordered.

New Orleans, Louisiana, October 16, 2013

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

WL 2310946, at *8 (E.D. Pa. 2008)("where plaintiffs challenge state-wide policies, and not merely the actions of state officials in a single county, venue is proper pursuant to Section 1391(b)(2) in the district where those policies are developed").

4