UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JONATHAN P. ROBICHEAUX | * | CIVIL ACTION NO. 13-CV-05090 |
| | * | |
| Versus | * | |
| | * | |
| JAMES D. CALDWELL, LOUISIANA ATTORNEY GENERAL | * | DISTRICT JUDGE:   MLCF |
| | * | MAGISTRATE JUDGE:   ALC |

*****************************************************************************

**<u>SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE ATTORNEY GENERAL'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER FOR IMPROPER VENUE[1]</u>**

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, comes the named Defendant, James D. "Buddy" Caldwell, in his official capacity as Attorney General of the State of Louisiana, who, files this supplemental memorandum in support of his previously filed motion to dismiss the Plaintiff's Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, motion to transfer for improper venue.[2] We adopt all arguments made in our previously filed motion and memorandum and offer this supplement to enhance and clarify our motion as per this Honorable Court's Order.[3]

The Attorney General does not concede to this Honorable Court's jurisdiction and appears solely for the purpose of asserting improper venue. The Attorney General specifically reserves and retains any and all rights and privileges available to him to contest such jurisdiction at a later time, file motions to dismiss on alternative grounds, raise affirmative defenses not now

---

[1] Rec. Doc. 13.
[2] The Attorney General provides citations to case law from other federal circuits as well as unpublished opinions for its persuasive value only. The Attorney General is aware that these opinions are not binding on this Honorable Court.
[3] Rec. Doc. 15.

asserted, and/or contest the substance and merit of Plaintiff's constitutional claims including its request for injunctive relief.

Federal Rule of Civil Procedure 12(b)(3) provides a mechanism for a defendant to move for dismissal based on improper venue.  28 U.S.C. § 1406 determines the standard by which a dismissal for venue is evaluated. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In assessing a motion to dismiss for improper venue, the burden is on the plaintiff to show the district he chose is a proper venue.[4] A plaintiff may overcome his burden by providing evidence from outside the complaint to prove venue is proper.[5]  In further evaluating a Fed. R. Civ. P. 12(b)(3) motion to dismiss the court must accept all well pleaded allegations within the complaint as true and resolve any conflicts in favor of the plaintiff.[6]

It is undisputed that in this matter venue is determined by the general venue statute, 28 U.S.C. § 1391(b) which states:

> A civil action may be brought in-
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[4] *Perez v. Pan Am. Life Ins. Co.*, 70 F.3d 1268 (5th Cir. 1995) (citing *Advanced Dynamics Corp. v. Mitech Corp.*, 729 F.Supp. 519, (N.D.Tex.1990)); *Asevedo v. NBC Universal Media, LLC*, 921 F. Supp. 2d 573, 589 (E.D. La. 2013); *Smith v. Fortenberry,* 903 F.Supp. 1018, 1020 (E.D.La.1995) (citing 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3826); *Langton v. Cbeyond commc'n, L.L.C.,* 282 F.Supp.2d 504, 508 (E.D.Tex.2003); *Summers v. Kenton, OH Police*, CIV.A. 11-3162, 2012 WL 1565363 (E.D. La. May 2, 2012) (unpublished); *Ross v. Digioia*, CIV.A. 11-1827, 2012 WL 72703 (E.D. La. Jan. 10, 2012) (unpublished).

[5] *Ambraco Inc. v. Bossclip B. V.,* 570 F.3d 233, 238 (5th Cir. 2009), *cert. denied,* 130 S.Ct. 1054 (2010); *Asevedo,* 921 F. Supp. 2d at 589; *Laserdynamics Inc. v. Acer America Corp.,* 209 F.R.D. 388, 390 (S.D.Tex. 2002).

[6] *Asevedo*, 921 F. Supp. 2d at 589-90); *Braspetro Oil Services, Co. v. Modec (USA), Inc.,* 240 Fed. App'x 612, 615 (5th Cir.2007)(unpublished).

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Plaintiff's First Amended Complaint only alleges venue is proper in the Eastern District because the Defendant performs his official duties in this district.[7] As discussed above, although the Court should give the benefit of the doubt to the Plaintiff in evaluating a 12(b)(3) motion, the Plaintiff fails to provide any evidence or even respond to the Defendant's assertion that venue is improper based on 28 U.S.C. § 1391(b)(1). As discussed in the memorandum in support of the Attorney General's motion to dismiss for purposes of venue,[8] the Attorney General does not reside in the Eastern District of Louisiana.

> The Attorney General serves as the executive head and chief administrator of the Department of Justice which is domiciled in Baton Rouge.[9] The Civil Division of the Attorney General, which is tasked with defending the state in constitutional challenges when the Attorney General chooses to exercise his discretion in cases involving constitutional challenges to state laws, is located in Baton Rouge, Louisiana. Accordingly, because the Attorney General performs his official duties in Baton Rouge and the Civil Division of the Louisiana Department of Justice is located in Baton Rouge, this would serve as his residence for purposes of venue.[10]

In *Florida Nursing Home Association v. Page*, the Fifth Circuit addressed venue.[11] The Plaintiff's supplemental memorandum directs this Honorable Court's attention to this case, which states:

> the general rule in suits against public officials is that a defendant's residence for venue purposes is the district where he performs his official duties.…A number of cases applying this principle have involved federal officials or agencies and have found only one official residence.[12]

---

[7] Rec. Doc. 10.
[8] Rec. Doc. 13.
[9] La. R.S. 36:701 (A) and (B).
[10] Rec. Doc. 13.
[11] 616 F.2d 1355 (5th Cir. 1990).
[12] Rec. Doc. 16 (*citing* to 616 F.2d 1355 (5th Cir. 1990)).

3

The Plaintiff goes on to provide a lengthy excerpt from that case, which actually shows that for purposes of venue under 28 U.S.C. § 1391(b)(1), the Attorney General does not reside in the Eastern District. The defendant at issue in *Florida Nursing* is distinguishable from the Attorney General in this matter. There the court discussed that venue may be proper based on 1391(b)(1) because the defendant's office located in the district was large and much of the business of that State entity was conducted from that office.[13] Other district courts have applied a three factor test which looks at similar grounds for 1391(b)(1) venue purposes.[14] The factors required to establish a state defendant has a second official residence for venue purposes depends on examining the following: (1) the defendant's presence in the district where the plaintiff sued; (2) the extent of the defendant's official activities in the district; and (3) the relationship between the defendant's activities in the district and the cause of action asserted by the plaintiff.[15] In the Western District of Louisiana one court articulated that "for purposes of venue a state official's residence is located at the state capitol, even where branch offices of the state official's department are maintained in other parts of the state."[16]

Looking at all the ways to evaluate whether state officials reside for venue purposes in a district, it is clear the Attorney General does not reside in the Eastern District in this matter. The Louisiana Attorney General conducts the majority of business from the Baton Rouge Office. Further, although the Attorney General has an office in the Eastern District of Louisiana, it is not

---

[13]    *Florida Nursing Home Association*, 616 F.2d 1355, 1360 (5th Cir. 1990). *See also Globe Glass & Mirror v. Brown,* 888 F.Supp. 768 (E.D. La. 1995) (holding that because of the defendant conducted a <u>substantial</u> amount of his business in the district venue was proper).
[14]    *Braggs v. Lane*, 717 F. Supp. 609, 611 (N.D. Ill. 1989) *Cheeseman v. Carey,* 485 F.Supp. 203, 207 (S.D.N.Y. 1980), *remanded on other grounds,* 623 F.2d 1387 (2d Cir.1980).
[15]    *Id*.
[16]    *Osterweil v. Edmonson*, CIV.A.10-CV-0263, 2010 WL 2428074 (W.D. La. June 10, 2010) (unpublished) (citing *Stanton-Negley Drug Co. v. Pennsylvania Dep't of Pub. Welfare*, CIV.A. 07-1309, 2008 WL 1881894 (W.D. Pa. Apr. 24, 2008)(unpublished)).

a large office nor does he conduct the majority or a substantial amount of his business there.[17]  In fact, the Attorney General does not even accept service of process at this office.  Additionally the activities performed by the Attorney General's satellite office in New Orleans have no relationship with the plaintiff or his cause of action.  Therefore, the venue is not proper in the Eastern District of Louisiana based on the Attorney General's residence under 28 U.S.C. § 1391(b)(1).

Although nowhere in the Plaintiff's Amended Complaint does he allege venue is proper based on 28 U.S.C. § 1391(b)(2), his opposition brief to the Attorney General's motion to dismiss and his supplemental response to this Honorable Court, imply that he is changing his basis of asserting venue.  The Attorney General asserts that the Plaintiff should not be able to change the basis upon which he asserts venue without amending his complaint.  Yet, if this Honorable Court accepts the Plaintiff's amended venue assertion made via his opposition memorandum, this matter should still be dismissed for improper venue in the Eastern District of Louisiana.

Just as with 28 U.S.C. § 1391(b)(1) the burden is on the Plaintiff to show venue is proper based on 28 U.S.C. § 1391(b)(2).  28 U.S.C. § 1391(b)(2) provides "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  The Plaintiff must show that the Eastern District of Louisiana is where a substantial part of the event or omission giving rise to the claim occurred, which he fails to do.  There is a two part test that the Second Circuit Court of Appeal applies to determine whether venue is proper under 1391(b)(2): (1) a court must identify the nature of the claim and what gives rise to it; and (2) then determine whether a

---

[17] The Louisiana Attorney General's main office is located in Baton Rouge, Louisiana.  Over 450 employees work in the Baton Rouge Office.  The New Orleans Office has less than fifty (50) employees and is a satellite office that solely handles risk litigation.

substantial part of those acts occurred in the district.[18]  To determine if the actions within the district are substantial there must be a close nexus between the acts and the claim.[19]

The Plaintiff fails to meet his burden to show that a substantial part of the event giving rise to the claim occurred in the Eastern District of Louisiana.  Further, there is no close nexus between the Eastern District of Louisiana and the constitutional challenge the Plaintiff has brought before this Honorable Court.  Even taking all facts within the Plaintiff's Complaints[20] as well as the supplemental matter submitted[21] as true, the Plaintiff fails to overcome the burden of establishing venue is proper in the Eastern District of Louisiana.

Thus, the Attorney General re-urge this Honorable Court to grant the Attorney General's previously filed Motion to Dismiss based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or in the alternative to transfer based on 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a).

RESPECTFULLY SUBMITTED,

**James D. "Buddy" Caldwell**
ATTORNEY GENERAL

/s/Jessica MP Thornhill_____
Jessica MP Thornhill (La. Bar # 34118)
Angelique Duhon Freel (La. Bar # 28561)
Assistant Attorneys General
Louisiana Department of Justice
Civil Division
P. O.  BOX 94005
Baton Rouge, Louisiana 70804-9005
Telephone:  (225) 326-6060
Facsimile:   (225) 326-6098
Email:  thornhillj@ag.state.la.us
            freela@ag.state.la.us

---

[18]  *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005).
[19]  *Univ. Rehab. Hosp., Inc. v. Int'l Co-op. Consultants, Inc.*, CIV.A. 05-1827, 2006 WL 1098905 (W.D. La. Apr. 24, 2006) *2 (unpublished).
[20]  Rec. Docs. 1, 10.
[21]  Rec. Doc. 16-1.

## **CERTIFICATE OF SERVICE**

     I hereby certify that, on October 30, 2013, I electronically filed the forgoing with the Clerk of Court by using the CM/EMF system, which will send a notice of electronic filing to all counsel of record.

                                     /s/Jessica MP Thornhill
                                       Jessica MP Thornhill