UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN P. ROBICHEAUX | CIVIL ACTION |
| v. | NO. 13-5090 |
| JAMES D. CALDWELL,<br>LOUISIANA ATTORNEY GENERAL | SECTION "F" |

ORDER & REASONS

Before the Court are defendant's motions to dismiss for lack of jurisdiction and to dismiss or transfer for improper venue. For the reasons that follow, the motion to dismiss for lack of jurisdiction is GRANTED, and the motion to dismiss or transfer for improper venue is DENIED as moot.

**Background**

This civil rights lawsuit challenges the constitutionality of Louisiana's ban on same-sex marriage and its unwillingness to recognize same-sex marriages entered into in other states. Jonathan Robicheaux married his same-sex partner in Iowa, but he lives in Orleans Parish, Louisiana. He alleges that Louisiana's defense of marriage amendment to the state constitution (La. Const. art. 12, § 15) and Article 3520 of the Louisiana Civil Code (which decrees that same-sex marriage violates Louisiana's strong public policy and precludes recognition of any such marriage contract from

1

another state) violate his federal constitutional rights.[1]

Robicheaux first brought this suit alone, but has since amended his complaint to include his partner, Derek Penton, and another same-sex couple who were also married in Iowa, but now live in Louisiana, Nadine and Courtney Blanchard.  The plaintiffs sued the Louisiana Attorney General James "Buddy" Caldwell, the only defendant in this lawsuit.  The Attorney General has filed two motions: first, a motion to dismiss for improper venue, to transfer for improper venue, or to transfer in the interest of justice; and second, a motion to dismiss for lack of jurisdiction based on Eleventh Amendment immunity.

I.

Because federal courts are courts of limited jurisdiction, the Court first considers whether it has jurisdiction here.  Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  The Attorney General challenges this Court's subject matter jurisdiction, invoking the doctrine of

---

[1] In particular, Robicheaux alleges that the state's ban on same-sex marriage and refusal to recognize the marriage contract he entered into in Iowa:
(1) deprives him of his fundamental right to marry in violation of the U.S. Constitution's Fourteenth Amendment Due Process Clause;
(2) deprives him of equal protection of the law in violation of the U.S. Constitution's Fourteenth Amendment because it constitutes discrimination on the basis of sexual orientation and/or sex; and
(3) violates the Full Faith and Credit Clause of the U.S. Constitution.

sovereign immunity. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

The Eleventh Amendment to the U.S. Constitution bars suits by private citizens against a state in federal court. K.P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010)(citing Hutto v. Finney, 437 U.S. 678, 700 (1978)). This immunity extends to protect state actors who are acting in their official capacities. Id. There is, of course, a narrow exception to this immunity from suit: the iconic Ex parte Young exception, which "is based on the legal fiction that a sovereign state cannot act unconstitutionally[; t]hus, where a state actor enforces an unconstitutional law, he is stripped of his official clothing and becomes a private person subject to suit." See id. (emphasis added)(citing Ex parte Young, 209 U.S. 123 (1908)); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989)(noting "[o]f course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'").

The Ex parte Young exception applies when the plaintiff demonstrates that the state officer has "some connection" with the enforcement of the disputed act. K.P., 627 F.3d at 124 (citing Ex parte Young, 209 U.S. at 160, and noting that the purpose of the

3

connection requirement is to prevent litigants from misusing the exception). As the Fifth Circuit U.S. Court of Appeals has observed:

> *Ex parte Young* gives some guidance about the required "connection" between a state actor and an allegedly unconstitutional act. "The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists."

Id. (quoting Ex parte Young, 209 U.S. at 157). Ex parte Young limits the plaintiff to prospective relief, and bars money damages. Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002). To determine whether Ex parte Young's mandate is satisfied, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Id. (internal quotation marks and citations omitted)(alteration in original).

Because plaintiffs, as the record stands, have made no effort or attempt to seek official recognition of their same-sex marriages by the State of Louisiana, the Attorney General submits he lacks the requisite connection with the enforcement of the challenged provisions that is necessary to meet the imperatives of the Ex parte Young exception to sovereign immunity. Invoking Okpalobi v.

4

Foster, 244 F.3d 405, 411 (5th Cir. 2001),[2] Mr. Caldwell contends that plaintiffs must allege that he has both a particular duty to enforce the challenged provisions in question, and a demonstrated willingness to exercise that duty.  To the extent that the Attorney General reads the scope of the Ex parte Young exception based on the Fifth Circuit's analysis in Okpalobi, the Court notes that the Fifth Circuit's discussion of sovereign immunity in Okpalobi was in a plurality opinion.  As the Fifth Circuit has observed, "[b]ecause that part of the *en banc* opinion did not garner majority support, the Eleventh Amendment analysis is not binding precedent."  K.P., 627 F.3d at 124 (citing United States v. Ferguson, 211 F.3d 878, 885 (5th Cir. 2000)).  Nevertheless, the plurality comments are helpful, and are echoed in the case literature.

   The Court finds that plaintiffs fall short of satisfying the "some connection" requirement of Ex parte Young even without Okpalobi.  Plaintiffs ask the Court "to take judicial notice of the fact that the Louisiana Attorney General is quintessentially the official responsible for enforcing the laws of Louisiana."  The Attorney General's sweeping responsibility to enforce the laws of the State of Louisiana lacks the Ex parte Young specificity nexus

---

[2] In Okpalobi, the Fifth Circuit held that to determine whether the Ex parte Young exception applies, the Court "should gauge (1) the ability of the official to enforce the statute at issue under his statutory or constitutional powers, and (2) the demonstrated willingness of the official to enforce the statute." 244 F.3d at 417.

between the Attorney General and the alleged unconstitutional provisions that is essential to defeat sovereign immunity.

Plaintiffs also cite to a pending state-court action, In re Costanza,[3] involving different plaintiffs but similar issues and the same defendant; they argue that that case illustrates the Attorney General's ability and demonstrated willingness to enforce the provisions at issue here.  The Court disagrees.  Plaintiffs contend that the Attorney General represents the State of Louisiana as the defendant in that case.  The referenced case might demonstrate the Attorney General's willingness to defend the provisions at issue here, but it in no way focuses or establishes his willingness to enforce them.  See K.P., 627 F.3d at 124 (explaining that "a state actor must be connected with an act's 'enforcement' for the [Ex parte Young] exception to apply," and that "'[e]nforcement' typically involves compulsion or constraint." (citations omitted)).

Plaintiffs also invoke an advisory opinion by the Attorney General, at the request of Frank Perez, General Counsel with the Department of Health and Hospitals in Louisiana, in which the Attorney General opined that the Full Faith and Credit Clause of the United States Constitution does not require the Vital Records Registrar to accept an out-of-state adoption judgment that names as

---

[3] Plaintiffs provide neither a full citation nor a copy of this case to the Court.

the adoptive parents two persons considered married in another jurisdiction but not in Louisiana. Notably, in reaching that result, the Attorney General explicitly relied on La. Child. Code arts. 1198 and 1221, not on La. Const. art. 12, § 15 or La. Civ. Code art. 3520, the provisions at issue in this lawsuit.

Finally, plaintiffs maintain that because they seek injunctive relief and not money damages, sovereign immunity "cannot apply." See Will, 491 U.S. at 71 n.10. They are wholly mistaken. A request for prospective relief is one requisite element, but not itself sufficient, to invoke the Ex parte Young exception. Verizon, 535 U.S. at 645.

Plaintiffs have failed to meet their burden of establishing this Court's subject matter jurisdiction. Ramming, 281 F.3d at 161. Defendant's motion to dismiss for lack of jurisdiction based on sovereign immunity is GRANTED. Defendant's motion to dismiss or transfer for improper venue is DENIED as moot.

New Orleans, Louisiana, November 26, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE