UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JONATHAN P. ROBICHEAUX, ET AL. * | CIVIL ACTION NO. 13-CV-05090 | |
| * | | |
| Versus * | | |
| * | | |
| JAMES D. CALDWELL, LOUISIANA * | DISTRICT JUDGE: | MLCF |
| ATTORNEY GENERAL * | | |
| * | MAGISTRATE JUDGE: | ALC |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## THE ATTORNEY GENERAL'S OPPOSITION TO THE PLAINTIFFS' MOTION TO RECONSIDER

MAY IT PLEASE THE COURT, through undersigned counsel, comes the named Defendant, James D. "Buddy" Caldwell, in his official capacity as Attorney General of the State of Louisiana, who files this Opposition Memorandum to the Plaintiffs' "Motion to Reconsider Under Rules 59 and 60 of the Federal Rules of Civil Procedure" granting the Attorney General's Motion to Dismiss for lack of subject matter jurisdiction. This Honorable Court correctly dismissed the only defendant in this matter based on the Attorney General's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).[1]

The Plaintiffs' Motion to Reconsider should be denied. It has no merit; nowhere in their Motion do they present any evidence or argument that should sway this Honorable Court's decision. The Attorney General is protected from suit in federal court based on Eleventh Amendment immunity.[2]

Even though the Federal Rules of Civil Procedure allow for the reconsideration of final judgments, Fed. R. Civ. P. 59 and 60, there is a strong public policy in favor of the finality of

---

[1] Rec. Doc. 33.
[2] Rec. Doc. 33.

judgments.  Such a consideration is especially true when applying Fed. R. Civ. P. 60(b)(6) to justify relief from an operation of judgment.  *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611. (6th Cir. 2008).[3]  "[C]ourts must apply Rule 60(b)(6) relief only in "unusual and extreme situations …."  *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund,* 249 F.3d 519, 524 (6th Cir. 2001) (internal citation omitted).  Although the Plaintiffs do not expressly state their claim under Fed. R. Civ. P. 60(b)(6), their motion appears to be based on that rule.

Although the *Ex Parte Young* doctrine is discussed in detail in both the Attorney General's Motion to Dismiss[4] as well as this Honorable Court's Order and Reasons,[5] the Plaintiffs make no argument in their Motion for Reconsideration on this matter.[6]  In fact, the Plaintiffs' memorandum concedes the *Ex Parte Young* doctrine's application here stating "as you[r] Honor has clearly ruled on that issue" as well as failing to bring forth any arguments challenging that aspect of this Honorable Court's decision.[7]

The Plaintiffs' two memoranda focus on Eleventh Amendment immunity.[8]  Their argument, albeit unique, has no basis in law and would ask this court to undo over one hundred years of valid precedent.  *See Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010).  This Honorable Court correctly held that officials acting in their official capacity are protected from suit by Eleventh Amendment immunity in federal court.[9]  It is undisputed that the Attorney General is a state official acting in his official capacity.

---

[3] Although the Federal Sixth Circuit Court of Appeals is not binding precedent upon this court it does provide strong persuasive support for the assertions that granting motions to reconsider is remedy scarcely applied.
[4] *See* Rec. Doc. 24.
[5] *See* Rec. Doc. 33, p. 3.
[6] *See* Rec. Doc. 35-1 and 47.
[7] *See* Rec. Doc. 35-1, p. 8; See also Rec. Doc. 47.
[8] *See* Rec. Doc. 35-1 and 47.
[9] *See* Rec. Doc. 33, p. 3 (*citing K.P.*, 627 F.3d at 124).

The Plaintiffs' two supporting memoranda focus entirely on the argument that the well-established principle of Eleventh Amendment immunity does not apply in this matter.[10] Such a suggestion is not legally supportable. The application of Eleventh Amendment immunity to states and state officials is a well-settled principle and under common law jurisdiction, to which the federal system affiliates, court-determined precedent is binding law barring serious significant reasons to overturn such a principle. "Adhering to precedent is usually the wise policy, because in most matters it is more important that the applicable rule of law be settled than it be settled right." *Payne v. Tennessee*, 501 U.S. 808, 827, 111 S. Ct. 2597, 2609, 115 L. Ed. 2d 720 (1991) (internal citation omitted). The United States Supreme Court refers to this adherence as the principle of *stare decisis*. *Stare decisis* ensures that the law

> will not merely change erratically, but will develop in a principled and intelligible fashion. That doctrine permits society to presume that bedrock principles are founded in the law rather than in the proclivities of individuals, and thereby contributes to the integrity of our constitutional system of government, both in appearance and in fact.

*Vasquez v. Hillery*, 474 U.S. 254, 265-66, 106 S. Ct. 617, 624, 88 L. Ed. 2d 598 (1986).

The Plaintiffs ask this court to ignore past precedent in its interpretation of Eleventh Amendment immunity. The Plaintiffs' argument fails to consider the gravity of ignoring past precedent. Nor do they provide enough of a persuasive argument or material support to give the Court even a moment's pause in deciding to uphold its Motion to Dismiss. The Plaintiffs' assertion that this Honorable Court should ignore past precedent based on a dissenting opinion and their unique argument is simply nonsensical. Additionally, the lengthy block quote from *Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012)[11] that quotation addresses only the standing of the

---

[10] *See* Rec. Doc. 35-1 and 47.
[11] Vacated and Remanded by *Hollingsworth v. Perry*, 133 S. Ct. 2652, 186 L. Ed. 2d 768 (2013).

3

state to intervene in a case, not when the state or state official is named as a party defendant.[12] Thus, it is not applicable here nor is it precedential.

The Plaintiffs' Motion for Reconsideration makes an alternative argument that if this Honorable Court does not grant their request they seek to be allowed to amend their suit to name new defendants.[13] It is respectfully submitted that nothing within that amendment will remedy this Honorable Court's lack of subject matter jurisdiction as to the Attorney General.

To conclude, the Plaintiff's Motion to Reconsider should be denied as it has no merit. .

WHEREFORE, James D. "Buddy" Caldwell, in his official capacity as Attorney General of the State of Louisiana, prays that this Court deny the Plaintiffs' Motion for Reconsideration.

RESPECTFULLY SUBMITTED,

**James D. "Buddy" Caldwell**
ATTORNEY GENERAL

/s/Jessica MP Thornhill_____
Jessica MP Thornhill (La. Bar # 34118)
Angelique Duhon Freel (La. Bar # 28561)
Assistant Attorneys General
Louisiana Department of Justice
Civil Division
P. O.  BOX 94005
Baton Rouge, Louisiana 70804-9005
Telephone:  (225) 326-6060
Facsimile:   (225) 326-6098
Email:  thornhillj@ag.state.la.us
            freela@ag.state.la.us

---

[12] *See* Rec. Doc. 47, p. 4.
[13] *See* Rec. Doc. 35-1, p. 10.  Additionally, the Plaintiffs have filed a motion to requesting to amend their petition, which is set to be heard before this Honorable Court on January 15, 2014.  Rec. Doc. 38.

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on January 7, 2014, I electronically filed the forgoing with the Clerk of Court by using the CM/EMF system, which will send a notice of electronic filing to all counsel of record.

                                      /s/Jessica MP Thornhill
                                       Jessica MP Thornhill