UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN P. ROBICHEAUX, ET AL. | CIVIL ACTION |
| v. | NO. 13-5090 |
| JAMES D. CALDWELL,<br>LOUISIANA ATTORNEY GENERAL | SECTION "F" |

ORDER & REASONS

Before the Court are plaintiffs' motions to reconsider and for leave to file a third amended complaint. For the reasons that follow, the motions are DENIED.

Background

This lawsuit challenged the constitutionality of Louisiana's ban on same-sex marriage and its refusal to recognize same-sex marriages permitted in other states. Jonathan Robicheaux married his same-sex partner in Iowa, but lives in Orleans Parish, Louisiana; he alleged that Louisiana's defense of marriage amendment to the state constitution (La. Const. art. 12, § 15) and article 3520 of the Louisiana Civil Code (which decrees that same-sex marriage violates Louisiana's strong public policy and precludes recognition of any such marriage contract from another state) violate his federal constitutional rights.

Robicheaux named the Louisiana Attorney General James "Buddy"

1

Caldwell as the only defendant in this case. When Robicheaux first brought suit, he alleged only violations of the full faith and credit clause; however, he then amended his complaint to add claims of due process and equal protection violations. And although Robicheaux initially brought this suit alone, he amended his complaint for a second time to include as additional plaintiffs his partner, Derek Penton, and another couple also married in Iowa but now living in Louisiana, Nadine and Courtney Blanchard.

Attorney General Caldwell moved to dismiss or transfer the case for improper venue, and then to dismiss for lack of jurisdiction based on sovereign immunity. On November 26, 2013, the Court granted the Attorney General's motion to dismiss for lack of jurisdiction and denied the motion to dismiss or transfer for improper venue as moot. The Court held that plaintiffs fell short of satisfying the requirement of Ex parte Young[1] that the state official have "some connection" to the enforcement of the challenged state law. Six days later, plaintiffs filed this motion asking the Court to reconsider its ruling. Plaintiffs have also filed a motion for leave to file a third amended complaint.

I.

A.

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil

---

[1] 209 U.S. 123 (1908).

Procedure.  See Higgins v. Cain, No. 07-9729, 2012 WL 3309716, at *1 (E.D. La. Aug. 13, 2012).  Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment.  Fed. R. Civ. P. 59(e).  Rule 60(b), on the other hand, applies to motions filed after the twenty-eight day period, but demands more "exacting substantive requirements."  See Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994) (en banc).  Because the Court entered the order dismissing the case on November 26, 2013, and the plaintiffs filed the motion to reconsider six days later on December 2, 2013, the motion is timely under Rule 59(e), and such analysis is appropriate.

*B.*

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"  Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).  Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Id. at 478-79.  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479;

3

Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).  The grant of such a motion is an "extraordinary remedy that should be used sparingly."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 F. App'x 137, 143 (5th Cir. 2004) (citing Templet, 367 F.3d at 479).  The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts."  Templet, 367 F.3d at 479.

II.

Plaintiffs contend that the Court should reconsider its order dismissing this case for lack of jurisdiction based on sovereign immunity.  However, instead of asserting a mistake of law or fact, plaintiffs submit for the first time a new claim that La. Const. art. 12, § 15 violates not only the U.S. Constitution but also the Enabling Act of the State of Louisiana.[2] Plaintiffs also contend

---

[2] ch. 21, 2 Stat. 641 (1811).

4

that notwithstanding Hans v. Louisiana[3] and over one hundred years of jurisprudence, Eleventh Amendment sovereign immunity does not actually apply to suits commenced against a state by its own citizens.  Plaintiffs maintain that a state simply cannot be immune from its obligation to comply with federal law.

Plaintiffs fail to persuade the Court that the extraordinary remedy of reconsideration is warranted.  Plaintiffs merely try to relitigate issues and add arguments that they ignored earlier; they show no mistake of law or fact in the Court's prior ruling, nor do they present anything that undermines the Court's order.

### III.

Alternatively, plaintiffs urge the Court to permit them to file a third amended complaint in order to name another state official with the requisite enforcement connection necessary to avoid sovereign immunity.  Plaintiffs contend that under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires."  However, plaintiffs do not dispute the more exacting standard applicable to requests for leave to amend filed after a case has been dismissed.  "Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under Rule 59(e)."  See Heimlich v. Harris Cnty., Texas, 81 F. App'x 816, 817 (5th Cir. 2003) (citing Vielma v. Eureka Co., 218 F.3d 458, 468 (5th Cir. 2000)).  The Fifth Circuit has instructed that "[i]n cases

---

[3] 134 U.S. 1 (1890).

where a party seeks to amend a complaint after entry of judgment, 'we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.'"  Id. (citing Briddle v. Scott, 63 F.3d 364, 380 (5th Cir. 1995)).

The Court has declined to grant reconsideration of its order dismissing plaintiffs' claims.  And plaintiffs provide no support for their position that the Court should grant leave to amend for a third time, nor do they provide any credible and competent explanation why permission for such amendment was not requested before now.

Accordingly, plaintiffs' motions for reconsideration and for leave to file a third amended complaint are DENIED.

New Orleans, Louisiana, January 13, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE